IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOEY R. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  06-cv-32-MJR |
| ) | |
| **LUHR BROS., INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

**REAGAN, District Judge:**

**I.     Introduction and background**

Before the Court is LBI's motion to reconsider the Court's Order of August 29, 2006, which denied Defendant Luhr Brothers, Inc.'s, ("LBI") motion to transfer.  In said Order, the Court found that LBI had failed to carry the burden of persuasion that transfer from the Southern District of Illinois to another district was preferable.  LBI moves the Court to consider its timely-filed Reply to Plaintiff's Response to Motion to Transfer and, in light thereof, to vacate its Order of August 29, 2006.

**A.     Motion to reconsider**

Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure.  ***Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994),** *cert. denied* **115 S. Ct. 2558 (1995).**  Despite this fact, motions to reconsider are filed routinely.  The Seventh Circuit has explained that motions to reconsider serve a limited function  -  "to correct manifest errors of law or fact or to present newly discovered evidence."  ***Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996);** *accord **Publishers Resource, Inc. v. Walker-***

*Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985).**

Pursuant to the Court's Order of August 4, 2006, LBI's Reply to Williams's Response was due by September 8, 2006. The Court entered its Order denying LBI's motion to transfer on August 29, 2006, prior to that deadline.  Accordingly, the Court will grant LBI's's motion to reconsider to the extent that it will consider LBI's motion to transfer in light of LBI's Reply.

### B. LBI's Reply

LBI asserts that Plaintiff Joey Williams (Williams) misstated and mischaracterized the facts of this case in his Response.  First, LBI contends that only one witness, Williams's brother, lives in the Southern District of Illinois.  According to LBI, two witnesses identified by Williams as living in the Southern District of Illinois, Michael Hebel and Sandra Mehner, reside in the Eastern District of Missouri and, in any case, have no first-hand information regarding the incidents alleged in Williams's Complaint.  LBI asserts that seven of the nine people on the M/V Vickie at the time of the two incidents at issue live in the Eastern District of Missouri.  Further, LBI states that all of Williams's medical treatment that did not occur in Louisiana occurred in the Eastern District of Missouri.

Secondly, LBI states that docks in and around Cape Girardeau are much more convenient than the dock in Monroe County, Illinois.  LBI asserts that it is willing to provide a floating dock that would be situated within three or four blocks of the courthouse for viewing the vessel.  This would also be more convenient for LBI because the M/V Vickie spends virtually all of its time in the waterways of Louisiana and Texas and would not have to travel the additional 112 river miles between Cape Girardeau, Missouri, and Monroe County, Illinois.

### C.     Williams's Response to LBI's Motion to Reconsider

Williams states that he has not misrepresented facts to the Court. He counters LBI's assertions, stating that he has not claimed that Habel and Mehner live in the Southern District of Illinois. Rather, Williams states that Habel and Mehner are based in Illinois and work out of Luhr Brothers' Columbia, Illinois, office. Furthermore, Williams asserts that Habel and Mehner possess relevant information, in that they were involved in making the decision to deny Williams's claim for maintenance and cure. Williams states that Habel spoke with him and was aware of how upset he was with the denial of his medical claim. According to Williams, this information is relevant to the maintenance and cure claims and the pain and suffering prongs of Williams's Jones Act and unseaworthiness claims.

Williams maintains that the Southern District of Illinois is much more convenient to him and would greatly reduce the expense of conducting the trial.

## II.     Analysis

In its original careful analysis, the Court weighed the factors to be considered in evaluating a motion to transfer venue, including 1) plaintiff's choice of forum; 2) the situs of material events, property and evidence; 3) the convenience of witnesses; 4) the convenience of the parties; and 5) the interests of justice. The Court concluded that the factors split fairly evenly between the Southern District of Illinois and the Eastern District of Missouri, and, because the burden of persuasion rested with LBI, denied LBI's motion. Having reviewed the parties' submissions, the Court concludes that LBI has again failed to persuade the Court that transfer is preferable.

While Habel and Mehner do not reside in the Southern District of Illinois, they work

in this District at LBI's Columbia, Illinois, office. Arguably, they possess relevant information regarding the incidents at issue, and, certainly, that determination cannot be made except through the discovery process.

The presence of a dock was previously considered to weigh in favor of the Southern District of Illinois; therefore, the location of docks near Cape Girardeau does not tip the balance in LBI's favor but, rather, evens the balance. The additional distance that the M/V Vickie must travel for inspection weighs in LBI's favor but not sufficiently to offset other factors under consideration.

Moreover, the Court finds it difficult to comprehend why LBI is unwilling to litigate this matter in its own backyard. LBI states that it will be "prejudiced by having to litigate this cause in an inconvenient forum" if this case is not transferred. LBI has been a party in sixteen other cases filed in this District, including two in which it was plaintiff. ***See In re Luhr Bros., Inc.,* No. 3:98-cv-477-GPM (S.D.Il 1998)** and ***In re Luhr Bros., Inc.,* No. 3:98-cv-625-WDS (S.D.Il. 1998)**. Surely, if the Southern District of Illinois were an inconvenient forum, LBI would not have previously chosen to litigate here.

### Conclusion

Having reconsidered this matter in light of LBI's Reply, the Court again concludes that LBI has failed to carry the burden of persuading the Court that transfer is preferable.

Accordingly, this Court hereby **GRANTS in part** and **DENIES in part** LBI's motion to reconsider (Doc 26) as follows: motion to consider this matter in light of LBI's Reply is **granted**; motion to vacate the Court's Order or August 29, 2006, is **denied**.

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2006**

                                        **s/Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**